**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**TOMAS O. CASABLANCA,**

      **Petitioner,**

**v.**                                    **Civil Action No. 2:05cv94
Criminal Action No. 2:04cr5(1)
(Judge Maxwell)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**OPINION/REPORT AND RECOMMENDATION**

On December 22, 2005, the *pro se* petitioner, Tomas O. Casablanca, filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. On April 13, 2006, the undersigned determined that summary dismissal of the petition was not warranted and the respondent was directed to file an answer. The respondent filed a Motion to Dismiss on May 10, 2006. On May 25, 2006, notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to the Petitioner advising him of his right to file a response to the Respondent's dispositive motion. Petitioner has not filed a response to the Respondent's motion. This case is before the undersigned for a report and recommendation pursuant to Standing Order No. 4 and LR PL P 83.01, et seq.

**I. Procedural History**

**A. Conviction and Sentence**

Petitioner was named in three counts of a seven count indictment filed on February 17, 2004. Count one charged that Petitioner conspired to distribute narcotics in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Counts two and three charged that Petitioner distributed narcotics in violation

of 21 U.S.C. §§ 841(a)(1) and 841(B)(1)(C).

On June 21, 2005, Petitioner pled guilty to count two of the indictment, in which he was charged with distributing approximately 1.07 grams of cocaine hydrochloride. On June 23, 2005, Petitioner was sentenced to four months imprisonment to be followed by three years supervised release.

## B. Direct Appeal

Petitioner did not appeal his conviction and sentence.

## C. Federal Habeas Corpus

In his § 2255 motion, Petitioner asserts that he is being unlawfully detained because his deal stated that in exchange for pleading guilty to count two of the indictment, he would receive a split sentence of eight months, four months to be served under the custody of the Marshal and four months in a halfway house. Therefore, Petitioner seeks credit for the four months he served in federal custody.

## D. Petitioner's Release

After the filing of this case, Petitioner was released from federal custody on May 5, 2006.

## E. Government's Response

(1) The petition is jurisdictionally defective because Petitioner was in state custody at the time his § 2255 motion was filed.

(2) The petition is moot since Petitioner was released to a halfway house on May 5, 2006.

(3) The petition has no merit because Petitioner is not entitled to credit for time served while he was in state custody.

## F. Petitioner's Subsequent Revocation Proceedings

On June 9, 2006, the United States Parole Office petitioned the Court to issue a warrant for Petitioner's arrest based upon Petitioner's failure to comply with the terms of his supervised release. See dckt. 69. A warrant issued on June 9, 2006, and Petitioner was arrested on June 15, 2006. See dckt. 70 and 71. Following a hearing, Petitioner's supervised release was revoked on August 9, 2006. See dckt. 86. As a result, Petitioner was sentenced to a 10 months imprisonment to be followed by 26 months supervised release. Id. According to the Bureau of Prisons ("BOP") inmate locator,[1] Petitioner is currently incarcerated at the Lewisburg Penitentiary in Lewisburg, Pennsylvania.

## II. Analysis

A review of the file in this case shows that at the time of Petitioner's arraignment, Petitioner was incarcerated at SCI Mahanoy, located in Frackville, Pennsylvania. See dckt. 25. Therefore, Petitioner was produced in this District by a Petition for Writ of Habeas Corpus Ad Prosequendum. See dckt. 26. After his arraignment, Petitioner was remanded to the custody of the United States Marshal and was held at the Central Regional Jail pending trial on his federal charges. See dckt. 33. On April 29, 2005, Petitioner filed an Unopposed Motion for Release on Bond, which was granted on May 4, 2005. See dckt. 35.

On June 21, 2005, Petitioner entered a plea of guilty to Count two of the indictment and waived his right to a presentence investigation report. See dckt. 56. Petitioner was sentenced the next day to four months imprisonment, followed by three years supervised release. See dckt. 58. Consequently, Petitioner was remanded to the custody of the United States Marshal, and, according to the Respondent, was returned to state custody to complete his state sentence with a federal

---

[1] The BOP's inmate locator can be accessed on the world wide web at www.bop.gov.

detainer lodged against him. See Respondent's Motion to Dismiss (dckt. 65) at 1. The Respondent asserts that Petitioner was not received into federal custody until February 7, 2006. Id.

Because Petitioner was still in state custody when he filed the instant § 2255 motion, the Respondent asserts that pursuant to Young v. United States, 337 F.2d 753 (5th Cir. 1964), this court does not have jurisdiction to consider his motion. In Young, the Fifth Circuit denied § 2255 habeas relief to a state prisoner seeking to vacate a *prior* federal sentence under which he was presumably paroled, because he was no longer "in custody" for purposes of his federal sentence.[2] This case is distinguishable from Young, however, because although Petitioner was in state custody at the time he filed his § 2255 motion, he had not been released from his federal sentence. Therefore, the Court has jurisdiction over Petitioner's § 2255 motion.

Next, the Respondent argues that Petitioner's § 2255 motion is moot because he has now been released from federal custody. In support of this claim, the government argues that a case generally becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. See Respondent's Motion to Dismiss (dckt. 65) at 2 (citing United States v. Nakell, 15 F.3d 319 (4th Cir. 1994)). In addition, the Respondent recognizes that two exceptions to this general rule apply. Id. The exceptions to the mootness rule include cases where collateral consequences give a sufficient stake in the outcome and cases where the underlying factual predicate is capable of repetition yet evading review. Id. Therefore, the Respondent asserts that because the Court cannot grant Petitioner the relief he seeks, and because neither of the

---

[2] Pursuant to 28 U.S.C. § 2255, a federal prisoner "*in custody* under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to imposed such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed sentence to vacate, set aside, or correct the sentence." (Emphasis added).

4

exceptions apply, this case is moot.

In the petition, Petitioner seeks release from incarceration on his original four month term of imprisonment. Because Petitioner has already been released from that portion of his sentence, it appears that the Court cannot offer Petitioner the relief requested in the petition and this case is moot. However, the undersigned notes that due to a revocation of supervised release, Petitioner is again incarcerated. Nonetheless, Petitioner does not challenge the revocation of his supervised release or the term of imprisonment he received in those subsequent proceedings. Moreover, even if this case was not moot, Petitioner is clearly not entitled to the relief sought in the petition.

Although Petitioner does not specify the exact dates for which he seeks credit on his federal sentence, based on his contention that he was to receive an eight month split sentence, with four months of prior custody credit, it appears that Petitioner seeks credit on his federal sentence for the time spent in federal custody from February 22, 2005, the date the court issued its Writ of Habeas Corpus Ad Prosequendum, to June 23, 2005, the date he was sentenced. What Petitioner fails to comprehend, however, is that because he was on writ to federal authorities, he was merely "on loan" from the state during that time period. Thomas v. Whalen, 962 F.2d 358, 361 (4th Cir. 1992). Therefore, during the time period for which Petitioner seeks federal credit, he was still in state custody and received credit for that time on his state sentence. Id. Thus, Petitioner's federal sentence cannot be credited with that same time. See 18 U.S.C. § 3585(b). To do so would constitute an impermissible grant of double credit. Id.

**III. Recommendation**

For the reasons set forth in this opinion, the undersigned recommends that the Court enter an Order **GRANTING in part** the Respondent's Motion to Dismiss (dckt. 65) and **DISMISSING**

Petitioner's § 2255 motion with prejudice.

Within ten (10) days after being served with a copy of this Opinion/Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Opinion/Report and Recommendation to the *pro se* petitioner and counsel of record.

DATED: April 3, 2007.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE